IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re § | | |
| § | | No. 25-90526 |
| GAI AIR, LLC, § | | Chapter 11 |
| § | | |
| Debtor. § | | |
| | | |
| In re § | | |
| § | | No. 25-90527 |
| KACHINA AIR, INC., § | | Chapter 11 |
| § | | |
| Debtor. § | | |
| | | |
| In re § | | |
| § | | No. 25-90528 |
| AWMR, LLC, § | | Chapter 11 |
| § | | |
| Debtor. § | | |

**CREEK CROSSING MANAGEMENT, LLC'S EMERGENCY MOTION TO DISMISS BAD FAITH BANKRUPTCY PROCEEDINGS**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

AS SET FORTH IN SECTION I, BELOW, EMERGENCY RELIEF IS REQUESTED ON, OR BEFORE, OCTOBER 29, 2025.

TO THE HONORABLE CHRISTOPHER M. LOPEZ:

Creek Crossing Management, LLC is a judgment creditor of the Debtors, GAI Air, LLC, AWMR LLC, and Kachina Air, LLC, and respectfully requests that the Court dismiss a the above-captioned, bankruptcy cases, due to a bad faith filing. Specifically, the bankruptcy petitions were filed in response to an adverse ruling where Defendants' attempt to suspend enforcement of the underlying judgment with sham declarations purporting to show negative net worth were rejected by the trial court and the trial court determined the amount of the bonds necessary to suspend enforcement of the judgment pending appeal. Based upon the Debtor's lists of creditors filed in these cases, the bankruptcy cases are truly two-party disputes that do not belong in this Court. Moreover, the Debtors are using the bankruptcy process for the improper purpose of destroying the value of Debtor, Kachina Air, LLC, by causing its FAA Part 138 Certificate to lapse in order to attempt to avoid having to pay a final judgment. In support, the Debtors respectfully show:

## I.
## Introduction & Need for Emergency Relief

1.  Emergency relief is requested on, or before, October 29, 2025 so that the 284th District Cout to hold a previously set hearing on October 38, 2025 at 1:45 p.m. on Creek Crossing Management, LLC's Emergency Verified Motion for Emergency and Temporary Receiver Pursuant to Rule 24.1(e) of the Texas Rules of Appellate Procedure.

2.  Upon information and belief, the only asset of Defendant Kachina Air, LLC, is a FAA Part 135 Certificate, which allows it to operate a non-scheduled, on-demand air charter service for the transport of passengers or cargo for compensation. This certification establishes safety and operational standards for on-demand operations, covering areas like aircraft maintenance, pilot licensing, insurance, and crew duty times. The FAA Part 135 Certificate will be allowed to lapse

per the testimony of the Debtors' President, Xian Hua "Aaron" Wang, and its accountant Ronald Guidry. This lapse will occur because its Section 119 Staff—a Director of Operations, Director of Maintenance, and Chief Pilot—will not longer be paid, and these three individuals will have the legal obligation to report this status to the FAA. Upon reporting, the Part 135 Certificate will lapse.

3. Upon information and belief, Debtor is willing to allow the FAA Part 135 Certificate to lapse in an effort to avoid paying the underlying judgment. The FAA Part 135 Certificate has been on Kachina Air's balance sheet as an asset worth $300,000; however, it recently wrote off all value to $0. Creek Crossing sought a receiver in state court to preserve this asset during the pendency of the appeal.

4. If emergency relief is not granted in this case, the FAA Part 135 Certificate will lapse, and destroy any value of Kachina Air and any prospect that it will be able to ever pay even part of the underlying judgment.

## II.
## Jurisdiction & Venue

5. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334(a). Being that this Motion concerns matters directly affecting the administration of bankruptcy estates, this is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A). There is no constitutional prohibition to this Court entering a final order concerning this Motion.

6. Venue is proper before this Court pursuant to 11 U.S.C. §§ 1408 and 1409.

## III.
## Background

### A.     Final Judgment in 284th District Court

7.      Following a trial by jury, Creek Crossing Management, LLC ("Creek Crossing") obtained a final judgment, on June 11, 2025, in the lawsuit captioned, *Creek Crossing Management, LLC, Individually and Derivatively on Behalf of Radius Flex Logistics, LLC* vs. *Kachina Air, Inc.; GAI Air, LLC; AWMR, LLC; AAW Investments, LLC; and Xian Hua "Aaron" Wang*, in Case no. 22-06-07372, in the 284th District Court of Montgomery County, Texas. The final judgment awarded:

   a. Actual damages of $2,774,727.77 against Defendants, Kachina Air, Inc.; GAI Air, LLC; AWMR, LLC; and Wang, jointly and severally, for **common-law fraud;**

   b. Prejudgment interest of $630,672.46, jointly and severally;

   c. Exemplary damages of $3,600,000 against Wang; and

   d. Assessed post-judgment interest at the rate of 7.5 percent per annum.

8.      On July 11, 2025, the Judgment Debtors filed motions for new trial and to modify the judgment. These motions were denied by operation of law on August 25, 2025.

### B.     Appeal to Ninth Court of Appeals

9.      On September 9, 2025, the Judgment Debtors appealed the final judgment to the Court of Appeals for the Ninth Judicial District of Texas in Beaumont, where it is pending under Case no. 09-25-00338-CV. To date, neither the record nor any merits briefs have been filed.

### C.     Proceedings in the trial court involving a supersedeas bond

10.     On September 2, 2024, the Judgment Debtors filed Net Worth Declarations pursuant to Rule 24 of the Texas Rules of Appellate Procedure. In those Net Worth Declarations, the Judgment Debtors claimed, under penalty of perjury, that they all had negative net worths, by

lumping all of the Judgment Debtors together (even though they acknowledged that GAI Air, L.L.C., had substantial positive net value). The original Declaration stated it was the declaration of an accountant Ronald Guidry ("Guidry"), who is not a licensed certified public accountant; however it was not signed by Guidry, but by Defendant Xian Hua "Aaron" Wang ("Wang"). A second Declaration, filed September 19, 2025, corrected this defect, but the trial court found that it lacked the required detailed information about the Judgment Debtor's assets and liabilities from which net worth can be ascertained and contained only conclusory statements. Both Guidry and Wang filed amended declarations.

11. On October 9, 10, and 22, the trial court held a hearing to determine the Judgment Debtors' net worth, pursuant to Rule 24 of the Texas Rules of Appellate Procedure. On October 16, 2025, the trial court entered an order determining the Net Worth Declarations were invalid. The Court of Appeals temporarily stayed the October 16, 2025 order but expressly authorized the trial court to hold all necessary hearings and issue orders setting the amount of a bond necessary to suspend the enforcement of the judgment.

12. On October 22, 2025, the trial court entered an Order Setting Supersedeas Bonds, ruling that the bonds required to supersede enforcement of the final judgment pending appeal are:

    a. $1,556,616.00 for GAI Air, LLC

    b. $150,044.00 for Kachina Air, LLC

    c. $516,230.00 for AWMR, LLC

13. The trial court also determined:

    a. The original Declaration characterized as Ronald Guidry's was not signed by Mr. Guidry but by Mr. Wang, so it is a nullity;

    b. The second Declarations of Mr. Guidry and of Mr. Wang lacked the required "complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained" under Appellate Rule 24;

c. Three banks indicated that the assets of GAI, L.L.C., AWMR, L.L.C., and Kachina Air, Inc., were sufficient for additional debt to obtain supersedeas bonds, but the banks wanted to see better cash flow before making the loans. The fact that AWMR, L.L.C., had assets sufficient to full collateralize a $3 million loan means it was able to convince three banks that it had assets worth at least $3 million, which contradicted Mr. Guidry's conclusory declaration;

d. Both Mr. Wang and Mr. Guidry were unable to speak about details of the financial condition of Debtors, even after an 11 day delay in the hearings;

e. The Judgment Debtors failed to satisfy their burden of proof at the hearing to establish net worth;

f. Liabilities that Mr. Wang claimed on his personal financial statement, totaling $7,792,785.00, were not actually liabilities at all, because they are personal guaranties on debts not in default and fully collateralized, meaning that the companies (GAI, AWMR, and Kachina) have assets worth at least $7,792,785.00;

g. Mr. Wang tried to claim liabilities and count them twice by showing them both on his personal financial statement and on GAI Air, L.L.C.'s financial statement; and

h. $6,472,145 of GAI, L.L.C., liabilities shown in the Declarations of Mr. Wang and Mr. Guidry was actually borrowed by Plew Properties, LLC, which is not a Debtor

**D.    The filing of the bankruptcy cases**

14.    On October 24, 2025, the Judgment Debtors sought protection from this Court by filing the above-captioned bankruptcy cases. These were bare bones filings where only a Voluntary Petition and Chapter 11 List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204) were filed in the respective cases. No separate Debtor has designated this as a complex case because there is allegedly more than $10 million in debt (No. 25-90526, ECF no. 2). There is currently pending a motion for joint administration (No. 25-90526, ECF no. 2)

15.    Debtor, GAI Air, LLC is a holding company that wholly owns seven subsidiaries, including, the Debtors, AWMR, LLC and Kachina Air, Inc. The nondebtor subsidiaries are CFTA

LLC, Plew Properties LLC, Chennault Aviation Maintenance Service LLC, Chennault Aviation Maintenance Academy LLC, and Chennault Airfield LLC.

16. In all, only one Debtor, GAI Air, LLC, has any unsecured debt. It listed Investar Bank as the holder of two promissory notes totaling $6,479,321.00, and Regions Bank as the holder of a promissory note with a balance due of $63,595.00 (No. 25-90526, ECF no. 1, p. 6). GAI's President testified, in open court, that these debts are current and not in default.

## IV.
## Dismissal Proper for Bad Faith Petitions

17. The only reason the Debtors have sought bankruptcy protection is to avoid having to account for the proceeds of a recent sale of aircraft and to avoid the burden of suspending enforcement of a judgment pending appeal. Without any other debts in default, Debtors are facing no other pressure from creditors. This is the epitome of bad faith. Accordingly, these Chapter 11 cases should be dismissed pursuant to 11 U.S.C. § 1112. See *In re Mirant Corp.*, No. 03-46590, 2005 WL 2148362, at *5 (Bankr. N.D. Tex. Jan. 26, 2005) ("Lack of good faith is not one of the enumerated examples in section 1112(b), but many courts have held that lack of good faith is appropriate cause for dismissal under that section."); *In re Litle Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (noting that dismissals pursuant to § 1112(b) may be predicated upon "[findings of lack of good faith'); *In re SGL Carbon Corp.*, 200 F.3d 154, 162 (3d Cir. 1999) ("[We conclude a Chapter 11 petition is subject to dismissal for 'cause' under 11 U.S.C. § 1112(b) unless it is filed in good faith."); *In re Marsch*, 36 F.3d 825, 828 (9th Cir.1994) ("Although section 1112(b) does not explicitly require that cases be filed in 'good faith,' courts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for dismissal.").

18. "In analyzing the purpose of a debtor's chapter 11 petition in the context of a motion to dismiss for bad faith filing, the courts regularly consider whether the bankruptcy was intended to obtain tactical advantage in litigation or negotiations. . . . Such use of chapter 11 is inappropriate." *Mirant Corp.*, 2005 WL 2148362, at *8; *see also In re Silberkraus*, 253 B.R. 890, 905 (Bankr. C.D. Cal. 2000) ("[I]t constitutes bad faith to file bankruptcy to impede, delay, forum shop, or obtain a tactical advantage regarding litigation ongoing in a nonbankruptcy forum").

19. Here, the bankruptcy case was not only designed to delay an appeal and paying a final judgment, it was designed to dissipate valuable assets such as the FAA Part 135 Certificate. While these certificates are not transferrable by their owners, nothing in the federal regulations prohibits changes in ownership in the certificate holders. Because a certificate holder must have an independent Section 119 Staff—a Director of Operations, Director of Maintenance, and Chief Pilot—which are the responsible parties who are obligated to maintain a Part 135 Certificate, the ownership of the certificate holder is rarely a material factor in the maintenance of such a certificate. Obtaining a Part 135 Certificate is a time-consuming and expensive process that can take years and hundreds of thousands of dollars as an entity develops everything from policy and operations manuals to certifying the applicant's proposed procedures and programs for training and directing personnel in the performance of their duties. Accordingly, there is a market for operators to purchase existing certificate holders in order to bypass the lengthy certification process.

20. Here, the stated intent of the Debtors is to not pay Kachina Air's Section 119 staff, which will result in these individuals reporting this status to the FAA, which will result in the lapse is Kachina's Part 135 Certificate. When lapses, the Part 135 Certificate will have no value to Kachina Air and its creditors.

21. Bankruptcy should not be used as a process to destroy value to creditors; therefore, the bankruptcy cases should be dismissed.

22. Additionally, these bankruptcy cases are nothing more than two-party disputes. The only Debtor that apparently has any unsecured debts is GAI Air, LLC. It listed Investar Bank as the holder of two promissory notes totaling $6,479,321.00, and Regions Bank as the holder of a promissory note with a balance due of $63,595.00 (No. 25-90526, ECF no. 1, p. 6). Yet, none of these promissory notes are in default. The other Debtors, AWMR, LLC and Kachina Air, Inc., apparently have no unsecured debts other than the judgment in the underlying case. Two-party disputes do not warrant a bankruptcy filing; therefore, the Court should dismiss these cases.

## V.
## Abstention under Section 305 is Also Warranted

23. Alternatively, this Court should abstain from hearing these bankruptcy cases.

24. Under Section 305 of the Bankruptcy Code, "[t]he court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305. Abstention is warranted here because the disputes between the parties can be more readily and efficiently resolved in the appellate proceedings, and in any subsequent proceedings in the trial court if there is a remand.

25. Courts traditionally conduct a fact-intensive determination of the following factors to determine whether abstention under Section 305 is appropriate:

    a. The economy and efficiency of administration;

    b. Whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;

    c. Whether federal proceedings are necessary to reach a just and equitable solution;

    d. Whether there is an alternative means of achieving an equitable distribution of assets;

    e. Whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;

    f. Whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and

    g. The purpose for which bankruptcy jurisdiction has been sought.

*In re CorrLine International, LLC*, 516 B.R. 106, 140 (Bankr. S.D. Tex. 2014) (citing *In re Euro-Am. Lodging Corp.*, 357 B.R. 700, 729 (Bankr. S.D.N.Y. 2007)).

26. Here, all of the traditional factors to be considered for abstention exist. At this juncture, no remedy under the bankruptcy code can prevent the Debtor's FAA Part 135 certificate from expiring unless a receiver with authority is empowered to take those actions necessary to protect that asset. A trustee in bankruptcy simply cannot be appointed quickly enough to protect this valuable asset, and, in this case, the entire process of bankruptcy administration is too time consuming and burdensome.

27. Federal proceedings are not necessary to reach a just and equitable solution to the relationship between the Debtors and the Judgment Creditor. These bankruptcy cases involve two-party disputes; there are no other known debts that are in default or in danger of going into default. At this point, the only Court that can review the underlying judgment is the Texas Court of Appeals, and this appeal will have to be heard even if the Debtors were to remain in bankruptcy.

28. The specious reasons for the Debtor to seek bankruptcy protection are also reason for the Court to abstain from this case until the appeal in the underlying litigation is heard by the Texas appellate courts.

WHEREFORE, premises considered, Creek Crossing Management, LLC, respectfully requests that the Court dismiss the above-styled and numbered bankruptcy cases, or alternatively, abstain from hearing them under 11 U.S.C. § 305, and granat all such other relief which is just.

Respectfully submitted this 27th day of October 2025.,

                                                                                  **PENDERGRAFT & SIMON, LLP**

                                                                                   /s/ *William P. Haddock*
Leonard H. Simon
Texas Bar No. 18387400
S.D. Tex. Adm. No. 8200
William P. Haddock
Texas Bar No. 00793875
S.D. Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*Attorneys In Charge for Creek Crossing Management, L.L.C.*

/s/ *Eric Yollick*
Eric Yollick
Texas Bar Number 22160100
S.D. Tex. Adm. No. 12960
104 West Davis Street
Conroe, TX 77301
Tel. 281.363.3591

*Co-Counsel for Creek Crossing Management, L.L.C.*

### Certificate of Service

I hereby certify that a true and correct copy of the above Creek Crossing Management, LLC's Emergency Motion to Dismiss Bad Faith Bankruptcy Proceedings has been served on the following counsel/parties of record in accordance with Fed. R. Bankr. 9013 and local rules for electronic filing and service on this 27th day of October 2025:

Parties having appeared electronically via the Court's CM/ECF system:

Creditors not appearing electronically on the master mailing matrix via first-class mail, postage prepaid:

| | | |
|---|---|---|
| Qing Kaay Sun<br>8 Ponds Edge Way<br>Pittsford, NY 14534-1883 | Plew Properties, LLC<br>15900 Schank Rd.<br>Conroe, TX 77306-5822 | Regions Banak<br>250 Riverway Parkway East<br>Birmingham, AL 35244 |

/s/ *William P. Haddock*
William P. Haddock
